CHARLES PIERSON, ASSIGNEE, ETC. *v.* ELIZABETH SMITH, WHO SUES, ETC., ET AL.

1. The property of a wife is protected by law for her benefit, and property thus protected being lost to the wife, by the neglect or default of another, she loses no right or claim to the damages which may be recovered for such neglect or default.

2. The right of the wife will follow any claim or fund into which her property has been changed by the act of another party.

3. The reducing into possession the choses in action of the wife, may be a matter of inference from acts done, and may be rebutted, and the circumstances attending the act may properly be considered.

GENERAL TERM.—Proceeding in error to reverse a judgment of the June special term, A. D. 1856, rendered by Storer, J., in favor of Elizabeth Smith, defendant in error.

The facts of the case show that at the October term, A. D. 1855, in an action then pending, Thomas K. Smith, husband of the defendant in error, recovered a judgment against the Cincinnati, Hamilton & Dayton Railroad Co., for the value of a trunk and contents, belonging to his wife, and which had been lost by the negligence of that railroad company. Whereupon Charles Pierson, assignee of George White, plaintiff in error, a creditor of the husband, instituted his action in attachment against the husband, and the said railroad company was served as garnishee. Thereupon Elizabeth Smith, the wife, by her next friend, applies and is made a party to this suit in attachment, and files her answer and counterclaim, claiming to be the owner of the judgment rendered against the railroad company, and praying for an injunction.

20

restraining the plaintiff in error, and sundry other creditors of her husband from interfering with the said judgment. And upon final hearing, the judge, at special term, found that she was entitled to the relief prayed for, and made the order of injunction now sought to be reversed.

*Collins & Herron*, for plaintiff in error.

*Piatt & Mudd*, for Mrs. Smith.

*Mills & Hoadly*, for other defendants in error.

GHOLSON, J., delivered the opinion of the court.

The plaintiff in error is a creditor of the husband of the defendant in error. The contest is as to a fund which has arisen from the recovery in an action in the name of the husband against a railroad company for the loss of the traveling trunk of the wife. The plaintiff in error seeks to subject this fund to the payment of his claim; the defendant in error asks that it may be protected from the debts of the husband, and be secured for her use and benefit.

That the trunk and the articles it contained would not have been liable to the debts of the husband, is quite clear under the law of Ohio. Independently of any right of the wife to what, at the common law, were termed *paraphernalia*, we think the fourth section of the act of 1846, Swan St. 713, might fairly be construed to protect property of the description shown to have been in the trunk, and to have belonged to the wife.

The question then arises, whether this property, so protected for the benefit of the wife, being lost to her by the neglect and default of another, she at the same time loses any right or claim to the damages which might be recovered for such neglect or default? Whether the right of the wife will not follow any claim or fund into which her property has been changed by the act of another party? We think it would be a reproach to the law if the right of the wife did not continue, and if a remedy were not found to protect it.

Undoubtedly, such property of the wife being turned into a mere pecuniary demand, or into money, and no longer remaining in specie, the husband, with her, and possibly by his own act, may become so possessed of it, that it would be his, and liable for his debts. Whether this were so in any particular case, would depend on the intention of the parties, as shown by their acts and the circumstances. For example, a trunk, containing the apparel of the wife, is lost by the negligence of a common carrier; the husband, from his own means, supplies that loss to the wife, and brings an action against the carrier; under such circumstances, the amount recovered would very properly be considered as belonging to the husband. But if the husband were insolvent, and the action, though in his name, was shown to have been prosecuted at the instance, and for the benefit of the wife, to supply the loss she had sustained, the conclusion might be different.

A number of cases have occurred involving the inquiry, what is a reducing into possession of a chose in action belonging to the wife? Such an inquiry has arisen after the death of the husband, the wife claiming the chose in action as a surviving right. It has been considered that the bringing an action in the name of a husband, is an act of reducing into possession. Even at law, it would not probably be considered that this was a conclusive act, not subject to explanation or contradiction. It has been said that there should be some specific act, from which may be reasonably inferred a disagreement, to the interest of the wife and an extinguishment of her right; and what, in each case shall amount to a reducing into possession, is often a question of great nicety and difficulty. 53 E. C. L. 876. Scarpellini v. Atcheson. If, then, it be a matter of inference from acts done, such inference, it would appear, might be rebutted, and all the circumstances attending the act might properly be considered.

But the legal principles governing the cases, as to the reducing into possession the choses in action of the wife, do not control the present case. The statute protects the property

from the debts of the husband, for the benefit of the wife. As to such property, therefore, though he may have the legal title, and a right of action in his own name for an injury to it, a trust attaches for the benefit of the wife, which, we think, the principles of equity require us to protect against the creditors of the husband, whenever it appears that the wife has not intentionally parted with her interest, and the husband has done no act with an intention either to appropriate the property himself or convey it to others. In such a case, the intention of the parties should properly control.

In the present case, it very clearly appears, that although the recovery was in the name of the husband, the action was prosecuted at the instance, and for the benefit of the wife. The fair inference is, that the name of the husband was used as that of a trustee holding the legal title. The action was, in reality, the action of the wife, and for her benefit. There was certainly no intention, on the part of the husband, to appropriate the money that might be recovered. If he was privy to the transaction at all, it was merely lending his name to aid in the assertion of a claim for the benefit of the wife, to restore to her that which she had lost. Under such circumstances, we feel no hesitation in coming to the conclusion, that no creditor of the husband has any claim to the fund.

The judgment will be affirmed.